**STATE of Texas, Ex Rel. Steven C. HILBIG, Relator,**

v.

**Honorable Terry McDONALD, Respondent.**

No. 04–92–00223–CV.

Court of Appeals of Texas, San Antonio.

July 2, 1992.

Cynthia F. Malone, Asst. Criminal Dist. Atty., Civ. Section, San Antonio, for relator.

Alex J. Scharff, Campion & Campion, Laurel A. Finger, Richard Tinsman, Bernard Wm. Fischman, Tinsman & Houser, Inc., Raymond E. Fuchs, C. Nick Rothe, San Antonio, for respondent.

Before REEVES, C.J., and BUTTS and BIERY, JJ.

## OPINION

BIERY, Justice.

This is an original proceeding in which the relator, State of Texas through its Bexar County District Attorney, Steve Hilbig, seeks a writ of mandamus requiring the respondent, Honorable Terry McDonald, judge of the 187th [1] District Court of Bexar County, to set aside his order of May 1, 1992, entitled "Order Granting Production of Statement of Loniel Thomas Bell to the Texas Department of Human Services, entered in cause number 92–CR–1897, The

State of Texas v. Loniel Thomas Bell." Pursuant to our order of June 12, 1992, we have conditionally granted the writ.

Bell has been indicted for aggravated sexual assault. On behalf of the alleged child victim and the victim's parents, an attorney filed an application for disclosure of documents from the district attorney's files for use in a civil suit which may be filed. The trial court granted the application in the May 1st order.

The State does not have an adequate remedy by appeal because the order is not one from which the State may appeal. TEX. CODE CRIM.PROC.ANN. art. 44.01 (Vernon Supp.1992).

The State maintains the trial court did not have authority to issue the order because the victim lacked standing to act, in effect, as a party. *State ex rel. Wade v. Stephens*, 724 S.W.2d 141, 144 (Tex.App.— Dallas 1987, orig. proceeding); TEX. CONST. art. I, § 30(e); TEX.CODE CRIM.PROC.ANN. art. 56.02(d) (Vernon Supp.1992). The State also argues that discovery from the district attorney's file is not one of the rights of a crime victim. TEX. CONST. art. I, § 30(a), (b); TEX CODE CRIM.PROC. art. 56.-02(a), (b) (Vernon Supp.1992).

Respondent counters that the victim was asserting constitutionally mandated rights and was not acting as a party. Respondent asserts the victim was entitled to the statement under the right to be treated with fairness and the right to confer with a representative of the prosecutor's office. TEX. CONST. art. I, § 30(a)(1), (b)(3). Additionally, respondent argues that the victim has standing because under TEX.CODE CRIM. PROC.ANN. art. 21.31 (Vernon 1989) the victim is the only one who can request that the defendant be tested for acquired immune deficiency syndrome (AIDS) or human immunodeficiency virus (HIV) infection.

The victim, as a real party in interest, raises arguments in concert with Judge McDonald. The victim stresses the statement is necessary to determine whether to

---

1. Judge McDonald is judge of the 186th District Court, but the order reflects it is from the 187th District Court.

petition the court to have Bell tested for AIDS or HIV infection and that there is a suggestion in the record that Bell may be HIV positive. Additionally, the victim maintains that disclosure of the statement is required by the Texas Open Records Act. TEX.REV.CIV.STAT.ANN. art. 6252–17a (Vernon Supp.1992).

Bell, also as a real party in interest, contends that disclosure of his statement may serve as a waiver of his rights pertaining to the statement. He further argues that prejudicial pretrial publicity may result, denying him a fair trial.

2. The statute provides:

**Art. 56.02. Crime Victims' Rights**

(a) A victim, guardian of a victim, or close relative of a deceased victim is entitled to the following rights within the criminal justice system:

(1) the right to receive from law enforcement agencies adequate protection from harm and threats of harm arising from cooperation with prosecution efforts;

(2) the right to have the magistrate take the safety of the victim of his family into consideration as an element in fixing the amount of bail for the accused;

(3) the right, if requested, to be informed of relevant court proceedings and to be informed if those court proceedings have been canceled or rescheduled prior to the event;

(4) the right to be informed, when requested, by a peace officer concerning the defendant's right to bail and the procedures in criminal investigations and by the district attorney's office concerning the general procedures in the criminal justice system, including general procedures in guilty plea negotiations and arrangements, restitution, and the appeals and parole process;

(5) the right to provide pertinent information to a probation department conducting a presentencing investigation concerning the impact of the offense on the victim and his family by testimony, written statement, or any other manner prior to any sentencing of the offender;

(6) the right to receive information regarding compensation to victims of crime as provided by the Crime Victims Compensation Act (Article 8309–1, Vernon's Texas Civil Statutes), including information related to the costs that may be compensated under that Act and the amount of compensation, eligibility for compensation, and procedures for application for compensation under that Act, the payment for a medical examination under Article 56.06 of this code for a victim of a sexual assault, and when requested, to referral to available social service agencies that may offer additional assistance;

In this case of first impression, we conclude that a crime victim does not have a constitutional or statutory right to discover evidence regarding the pending criminal case that is contained within the prosecutor's file.

Initially, we hold that the Texas Open Records Act does not control this matter. This is not an Open Records Act case.

The statute and constitutional amendment do not contain any provision expressly giving crime victims the right to discover evidence within the prosecutor's file.[2]

(7) the right to be informed, upon request, of parole procedures, to participate in the parole process, to be notified, if requested, of parole proceedings concerning a defendant in the victim's case, to provide to the Board of Pardons and Paroles for inclusion in the defendant's file information to be considered by the board prior to the parole of any defendant convicted of any crime subject to this Act, and to be notified, if requested, of the defendant's release;

(8) the right to be provided with a waiting area, separate or secure from other witnesses, including the offender and relatives of the offender, before testifying in any proceeding concerning the offender; if a separate waiting area is not available, other safeguards should be taken to minimize the victim's contact with the offender and the offender's relatives and witnesses, before and during court proceedings;

(9) the right to prompt return of any property of the victim that is held by a law enforcement agency or the attorney for the state as evidence when the property is no longer required for that purpose; and

(10) the right to have the attorney for the state notify the employer of the victim, if requested, of the necessity of the victim's cooperation and testimony in a proceeding that may necessitate the absence of the victim from work for good cause.

(b) A victim is entitled to the right to be present at all public court proceedings related to the offense, subject to the approval of the judge in the case.

(c) The office of the attorney representing the state, and the sheriff, police, and other law enforcement agencies shall ensure to the extent practicable that a victim, guardian of a victim, or close relative of a deceased victim is afforded the rights granted by Subsection (a) of this article and, on request, an explanation of those rights.

(d) A judge, attorney for the state, peace officer, or law enforcement agency is not liable for a failure or inability to provide a right enumerated in this article. The failure or inability of any person to provide a right or

In looking at the intent of the Legislature and people of the State of Texas we have examined the analyses of the two bills. *Cf. Dillehey v. State*, 815 S.W.2d 623, 625 (Tex.Crim.App.1991); *Studer v. State*, 799 S.W.2d 263, 268 (Tex.Crim.App. 1990).

Article 56.02 was enacted through House Bill 235 of the 69th Legislature, ch. 588, § 1, of the Texas General Session Laws. The bill analysis of the House Committee on Criminal Jurisprudence, attached as Appendix A, describes the purpose of the bill, which created other statutes in addition to article 56.02: "This bill would provide certain rights to victims of sexual assault and bodily injury crimes and to families of victims who have died as a result of criminal offenses. These rights include the right to be informed, to be heard, and to be protected." HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 235, 69th Leg., R.S. (1985).

In the House Study Group analysis of HB 235, attached as Appendix B, the digest portion of the report states in part:

> ... Victims would have the right to receive adequate protection from harm and

service enumerated in this article may not be used by a defendant in a criminal case as a ground for appeal, a ground to set aside the conviction or sentence, or a ground in a habeas corpus petition. A victim, guardian of a victim, or close relative of a deceased victim does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge. TEX.CODE CRIM.PROC.ANN. art. 56.02 (Vernon Supp. 1992).

The constitutional amendment guaranteeing victims' rights provides:

**Art. I, § 30. Rights of crime victims**

(a) A crime victim has the following rights:

(1) the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process; and

(2) the right to be reasonably protected from the accused throughout the criminal justice process.

(b) On the request of a crime victim, the crime victim has the following rights:

(1) the right to notification of court proceedings;

(2) the right to be present at all public court proceedings related to the offense unless the victim is to testify and the court determines that the victim's testimony would be material-

threats arising form cooperation with prosecution efforts; to have the magistrate consider the safety of the victim or his or her family's safety when setting bail; to be informed of relevant court proceedings, criminal-investigation procedures, and general criminal-justice procedures; to provide information to a probation department conducting a presentencing investigation; to receive information concerning victim restitution, to receive payment of medical expenses incurred as a result of sexual assault; to be referred to available social-service agencies; and to be notified of parole proceedings and be given a chance to provide information to the Board of Pardons and Paroles if a parole hearing is held....

HOUSE STUDY GROUP, BILL ANALYSIS, Tex.H.B. 235, 69th Leg., R.S. (1985).

This bill analysis summarizes the arguments of the bill's supporters:

> For too long, the victims of crime have been left out of the criminal-justice process. They are often regarded as mere witnesses of the state or simply as troublesome spectators.

ly affected if the victim hears other testimony at the trial;

(3) the right to confer with a representative of the prosecutor's office;

(4) the right to restitution; and

(5) the right to information about the conviction, sentence, imprisonment, and release of the accused.

(c) The legislature may enact laws to define the term "victim" and to enforce these and other rights of crime victims.

(d) The state, through its prosecuting attorney, has the right to enforce the rights of victims.

(e) The legislature may enact laws to provide that a judge, attorney for the state, peace officer, or law enforcement agency is not liable for a failure or inability to provide a rights enumerated in this section. The failure or inability of any person to provide a right or service enumerated in this section may not be used by a defendant in a criminal case as a ground for appeal or post-conviction writ of habeas corpus. A victim or guardian or legal representative of a victim has standing to enforce the rights enumerated in this section but does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge. TEX. CONST. art. I, § 30.

This attitude gives an increasing number of victims and their families the impression the state is more concerned with the rights of the criminal than with those of the victim.

This bill would help restore society's confidence in the legal system by making victims active participants in the criminal-justice process. Under the bill, victims could could (sic) provide vital information to criminal-justice officials who determine punishment or parole. Now victims often are not even aware that their assailants have been released and are back on the streets.

This bill would cost very little. Any modest burden this bill would place on criminal-justice officials is fully justified....

*Id.*

The constitutional amendment providing for victim's rights was proposed by House Joint Resolution 19 in the 71st Legislative Session. The House Committee on Criminal Jurisprudence bill analysis, attached as Appendix C, sets out the purpose: "CSHJR 19 constitutionally guarantees crime victims certain rights in crucial stages of the criminal justice process and prevents certain appeals based on a victim's presence in a proceeding." HOUSE COMM. ON CRIMINAL JURISPRUDENCE, BILL ANALYSIS, H.J.R. 19, 71st Leg., R.S. (1989).

The House Research Organization bill analysis of the constitutional amendment, attached as Appendix D, states in the digest portion:

The rights of crime victims would include fair treatment, respect for their dignity and privacy, and reasonable protection from the accused throughout the criminal justice process. Upon request, the crime victim would be notified of court proceedings, allowed to be present at all related court proceedings, unless the court found that the victim's testimony would be "materially affected." The victim would be allowed to confer with the prosecutor's office, receive restitution and receive information about the ac-

cused's conviction, sentence, imprisonment and release....

HOUSE RESEARCH ORGANIZATION, BILL ANALYSIS, H.J.R. 19, 71st Leg., R.S. (1989).

The summary of the supporters' position set out in this bill analysis states:

CSHJR 19 and its implementing legislation, HB 197, would signal to criminals that the Legislature and the citizens of Texas are committed to a criminal justice system that firmly guards the rights of those victimized by crime. At times it has seemed that criminals are given rights greater than those of victims; HR 19 is an attempt to correct that balance. This proposed constitutional amendment, similar to the one enacted in Michigan, would serve to enlighten the public about the purpose and nature of the criminal justice system. When coupled with the Crime Victims' Bill of Rights that was enacted by the 69th Legislature, this amendment and its implementing legislation would finally address the plight of the innocent. Adoption of this proposal was one of the recommendations of the House Select Committee on Sentencing and Recidivism, which said victims need a set of rights in the law analogous to those accorded criminal defendants.

The rights listed in the proposed amendment may seem basic to those unfamiliar with the system—the right to be present at court hearings involving the offense, for instance—but in reality these rights are not guaranteed under the present system. Victims are now sometimes victimized twice—once by the criminal and again by the criminal justice system.

Spelling out victim's rights in the state Bill of Rights would put them on a par with the rights of defendants. However, the provision would also limit a victim's right to interfere with the right of an accused to a fair trial.

*Id.*

We do not believe the Legislature intended crime victims to have a right to discover material within the prosecutor's file in a pending criminal matter. The Legislature intended to do away with the problems

associated with victims who have been ignored, shunted aside, and kept in the dark by the criminal justice system. This is what is meant by "fairness." The Legislature intended to give victims access to the prosecutor—not to the prosecutor's file.

We note that our disposition of this case does not affect the victim's ability to petition the trial court to have the defendant tested for AIDS or HIV infection pursuant to article 21.31 of the Code of Criminal Procedure.

As we stated in our order of June 12, 1992, we are confident that Judge McDonald will set aside his order in question in this case. The writ of mandamus will issue only if he does not do so.

## APPENDIX A

HB 235
By: Tejeda

Committee on
Criminal Jurisprudence

## BILL ANALYSIS

### Background
Under current law, there is no requirement that victims of crime be contacted or otherwise considered in any phase of a criminal prosecution—from pretrial release, trial and sentencing, to release on parole.

### Purpose
This bill would provide certain rights to victims of sexual assault and bodily injury crimes and to families of victims who have died as a result of criminal offenses. These rights include the right to be informed, to be heard, and to be protected.

### Section by Section Analysis
Section 1.  Adds Chapter 56 to the Code of Criminal Procedure:
Art. 56.01  Definitions.
Art. 56.02  Enumerates crime victims' rights which include protection by law enforcement; consideration of victims' safety in setting bail; information about court proceedings, compensation, and other assistance, investigation and criminal procedures in general; participation by providing information to pre-sentence investigations and parole reports. Provides immunity for judges, prosecutors, and law enforcement personnel.
Art. 56.03  Requires the Adult Probation Commission to develop a Victim Impact Statement form, enumerates information to be included in the statement, and how the statement is to be utilized by the court.
Art. 56.04  Requires that a victim assistance coordinator be provided in judicial districts with a population of 150,000 or more, and outlines duties of the coordinator.
Section 2.  Amends Art. 17.15, C.C.P., to allow the safety of a victim to be considered in setting bail.
Section 3.  Amends Art. 42.12, sec. 15(f), C.C.P., to require the Board of Pardons and Parole to attempt to notify victims regarding parole hearings and to allow victims to provide written statements for consideration at those hearings.
Section 4.  Provides that Victim Impact Statement forms must be distributed by the Adult Probation Commission within 60 days after the effective date of this Act.
Section 5.  Effective date is September 1, 1985.
Section 6.  Emergency clause.

### Rulemaking Authority
It is the opinion of the Committee that this bill does not delegate rulemaking authority to a state officer, agency, department, or institution.

## Summary of Committee Action

Public notice was posted in accordance with the Rules of Procedure and a public hearing was held on March 11, 1985.

The following persons testified in favor of HB 235:

> Dr. Raymond Teske, Associate Professor, himself
>
> Stephen H. Capelle, Attorney at Law
> Texas District and County Attorneys Assn.
>
> Carroll W. Shubert, Chief Deputy District Atty.
> Bexar County District Attorney's Office
>
> James Knoll
> Parents Of Murdered Children
> Coalition for Victims Rights
>
> Robert Stearns, Consulting Engineer
> People Against Violent Crimes
>
> Frank Parish, Attorney
> Coalition for Victims Rights
>
> Jeannine Purtell, Housewife

The following person did not wish to testify but wished the record to reflect her support of the passage of HB 235:

> Annmarie Jensen
> Texas IMPACT, Texas Conference of Churches

The following persons testified on the passage of HB 235:

> Gara LaMarche, Executive Director
> Texas Civil Liberties Union

The Chair recognized the following person, who after being duly sworn, served as a resource witness on the Texas Parole System:

> Ruben Torres, Parole Board Member

The bill was referred to a subcommittee consisting of the following members: Dan Morales, Chair, Bill Blackwood, Tony Polumbo, Terral Smith, and Tom Waldrop. On April 11, 1985, the measure was reported to the full committee with a complete committee substitute.

On April 15, 1985, the full committee voted to report HB 235 to the House with a complete committee substitute and the recommendation that it do pass by a record vote of 6 ayes and zero nays.

## Comparison of Original Bill to Substitute

The substitute follows the intent of the original bill but broadens the scope of services for crime victims. The original provided rights for victims and close relations of a deceased victim, while the substitute adds guardians of a victim. The original defined victim as one who suffers financial loss as well as bodily injury or death, while the substitute limits the definition to one who suffers bodily injury, death, or from sexual assault. The original provided that victims or relations could provide written or oral testimony at presentence or parole hearings, while the substitute limits this to written statements. The original provided that the victim's safety may be considered. The substitute provides that more information be provided to victims, provides for a victim impact statement and a victim assistance coordinator, and provides immunity for judges, prosecutors, and law enforcement.

## APPENDIX B

| | |
|---|---|
| HOUSE | HB 235 |
| STUDY | Tejeda, Richardson, et al. |
| GROUP bill analysis          4/23/85 | (CSHB 235 by Morales) |

SUBJECT:       Crime victims' rights

COMMITTEE:     Criminal Jurisprudence: committee substitute recommended

| | |
|---|---|
| VOTE: | 6 ayes—Waldrop, Blackwood, Danburg, Hury, Morales, Schoolcraft |
| | 0 nays |
| | 1 present, not voting—T. Smith |
| | 2 absent—Polumbo, Parker |
| WITNESSES: | For—James Knoll, Parents of Murdered Children, Coalition for Victims Rights; Frank Parish, Coalition for Victims Rights; Ann Marie Jensen, Texas Impact, Texas Conference of Churches; Robert Stearns, People Against Violent Crimes; Raymond Teske, Carroll Schubert, Joanne Purtell |
| | Against—None |
| | On—Stephen Capelle, Texas District and County Attorneys Association; Gara LaMarche, Texas Civil Liberties Union; Ruben Torres, Board of Pardons and Paroles; Suzanne McDaniel Willms |
| DIGEST: | This bill would establish certain rights within the criminal-justice system for victims of sexual assault, or for those who, as a result of crimes committed against them, suffered bodily injury or death. A victim's guardian or the immediate family of a deceased victim would be entitled to the same rights. Victims would have the right to receive adequate protection from harm and threats arising from cooperation with prosecution efforts; to have the magistrate consider the safety of the victim or his or her family's safety when setting bail; to be informed of relevant court proceedings, criminal-investigation procedures, and general criminal-justice procedures; to provide information to a probation department conducting a presentencing investigation; to receive information concerning victim restitution, to receive payment of medical expenses incurred as a result of sexual assault; to be referred to available social-service agencies; and to be notified of parole proceedings and be given a chance to provide information to the Board of Pardons and Paroles if a parole hearing is held. |

The district attorney's office would have to safeguard these rights. No judge, attorney for the state, peace officer, or law-enforcement agency would be liable if procedures for protecting any of these rights were not followed. Failure to provide an enumerated right could not be used by a defendant in a criminal case as a ground for appeal. A victim, or his or her guardian or immediate family, would not have standing to participate as a party in a criminal proceeding or to challenge the disposition of any charge.

Under CSHB 235 a magistrate could consider the future safety of a victim of an offense in setting the defendant's bail.

The Texas Adult Probation Commission would be required to develop a victim-impact-statement form to be used by criminal-justice agencies. The statement would note whether or not a victim, guardian, or relative wished to be notified of the defendant's parole hearings. TAPC would have to give appropriate agencies the information needed to contact the victim, guardian, or relative.

The court would have to consider a victim-impact statement, if it had one, before determining sentence in a case. The defendant could comment on the statement and, upon court approval, introduce testimony or other information alleging a factual inaccuracy in the statement. The court could consider information in a presentence investigation in lieu of considering a victim-impact statement.

A court could not inspect a victim-impact statement until a defendant pled guilty or no-contest or was convicted, or unless the defendant in writing authorized the court to do so. A victim-impact statement would be subject to discovery only if the court decided that failure to give the defendant a copy would substantively affect a material right of the defendant.

Any prosecutor with felony jurisdiction in an area with a population of 150,000 or more would have to appoint a victim-assistance coordinator. The coordinator would have to ensure that the required victim-rights procedures were followed. The coordinator would send a copy of a victim-impact statement to the court sentencing a defendant and to the Board of Pardons and Paroles.

The Board of Pardons and Paroles would have to try to notify the victim, the victim's guardian, or the immediate family of a deceased victim before considering parole of the assailant. If a hearing were held, the victim or victim's guardian or survivors could provide a written statement. The board would have to consider any such statements or any victim-impact statements in determining parole. The board's failure to comply with notice requirements would not be grounds for revocation of parole.

**SUPPORTERS SAY:**

For too long, the victims of crime have been left out of the criminal-justice process. They are often regarded as mere witnesses of the state or simply as troublesome spectators. This attitude gives an increasing number of victims and their families the impression the state is more concerned with the rights of the criminal than with those of the victim.

This bill would help restore society's confidence in the legal system by making victims active participants in the criminal-justice process. Under the bill, victims could could provide vital information to criminal-justice officials who determine punishment or parole. Now victims often are not even aware that their assailants have been released and are back on the streets.

This bill would cost very little. Any modest burden this bill would place on criminal-justice officials is fully justified.

In setting bail magistrates should consider a victim's future safety, along with the offense and the circumstances under which it was committed, as they do now. Considering the victim would not require any prejudgment of the accused's guilt or innocence.

**OPPONENTS SAY:**

This bill would place too onerous a duty on criminal-justice agencies, many of which are already overworked. Nothing under current law stops victims from finding out when their assailants will be considered for parole or from obtaining other information about criminal procedures.

The purpose of setting bail is to ensure that the defendant will appear at trial. The more factors a magistrate may consider in setting bail, the closer he or she comes to making subjective determinations that amount to prejudgments of guilt or innocence. Consideration of the victim's future safety would not help ensure the defendant's appearance at trial. It is therefore an inappropriate factor to consider in setting bail.

**OTHER OPPONENTS SAY:**

This is a good bill, but provisions should be included to ensure that victims are not fired fired from their jobs for participating in the criminal-justice process. For example, they may have to be absent from work in order to serve as witnesses at trial.

**NOTES:**

As introduced, HB 235 would not have included victims of sexual assault or a victim's guardian under the bill, but would have included victims who suffered financial loss. It would not have provided for a victim-impact statement or required a victim-assistance coordinator. It would have required the Board of Pardons and Paroles to notify victims of the time and place of a parole hearing and to place a notice in a newspaper if the victim could not be found.

Rep. Tejeda plans to introduce a floor amendment that would protect victims from losing their jobs for participating in the criminal-justice process.

HB 279 by Keller would enumerate rights for crime victims who have suffered financial loss, bodily injury, or death. It would not require the Board of Pardons and Paroles to consider victim information when considering parole. HB 363 by Keller would require prosecuting attorneys, to notify crime-victims before striking a plea bargain with the defendant. HB 591 by Tejeda would require judges in the punishment phase of felony cases to order defendants to pay restitution to their victims. All three bills were laid on the table subject to call by the House Criminal Jurisprudence Committee on March 27.

APPENDIX C

BILL ANALYSIS

By: Richardson            HJR 19
By: Polumbo            CSHJR 19

## BACKGROUND

The 69th Legislature enacted the Crime Victim's Bill of Rights. Currently, there are no articles in the Texas Constitution relating to the subject matter of this resolution.

## PURPOSE

CSHJR 19 constitutionally guarantees crime victims certain rights in crucial stages of the criminal justice process and prevents certain appeals based on a victim's presence in a proceeding.

## RULEMAKING AUTHORITY

It is the opinion of the committee that this bill does not delegate any rulemaking authority to a state agency, officer, department or institution.

## SECTION-BY-SECTION ANALYSIS

SECTION 1.

Amends Article 1, Texas Constitution, by adding Section 30 providing for crime victims' rights in all stages of the criminal justice process and providing for the legislature to enact laws to enforce such rights. Provides for the state to have the right to due process and prevents grounds for appeal based upon a victim's presence during proceedings and prevents a victim from being a direct participant as a party in a criminal proceeding.

SECTION 2.

Amendment to be submitted to a vote on November 7, 1989.

## SUMMARY OF COMMITTEE ACTION

Public notice was posted in accordance to the rules of the House and a public hearing was held on March 20, 1989. The Chair laid out HJR 19 and recognized Rep. Cuellar to explain the bill. The following were recognized to speak in favor of the bill: Robert Stearns, VIGIL; Janie Wilson, WTP; Anne Seymour, Nat'l Victim Center; Joyce Issacs, PAVC; Linda Barker-Lowrance, representing Victims' Constitutional Amendment; Chuck Miller, representing himself. Recognized in favor of the bill but not testifying were the following: Pam Busfield, VIGIL; Tammie West, We The People; Bonnie McAree, WTP; Donna Parker, WTP; Patricia Day, representing herself; Chris Jones, representing CLEAT; Cynthia Kent, representing herself; Kathi West, representing herself; Harry Young, representing himself; Maureen Young, representing herself, David Arlington, representing WTP; Nell Myers, PAVC; Cindi Martinez, representing herself and the Travis County DA; Doris Bethel, Travis County Sheriffs Dept; Joanne Shaffer, VIGIL; Jennifer Wilson, WTP; Michael Sheehan, Arlington Police Assoc and CLEAT.

Suzanne McDaniel, representing herself, was recognized to speak on the bill. John Boston, TCDLA, was recognized to speak in opposition to the bill. The Chair referred CSHJR 19 to the Subcommittee on Substantive Matters with members Tony Polumbo–Chair, Clyde Alexander, Bob Richardson, Juan Hinojosa and Dan Morales.

On April 26, 1989, the Subcommittee held a formal meeting. The chair laid out HJR 19. The Chair laid out a complete substitute to HJR 19 offered by Representative Polumbo and there being no objection, it was adopted. The subcommittee then voted to report HJR 19 as substituted favorably to the full committee.

On May 1, 1989, the full committee met in a formal meeting. Rep. Polumbo explained the subcommittee report and offered up the substitute. There being no objection, the substitute was adopted. The full committee then voted to report HJR 19 as substituted favorably to the House with a recommendation that it do pass by a record vote of 6 ayes, 0 nayes, 2 PNV and 1 absent, and be placed on the general calendar.

## COMPARISON OF ORIGINAL TO SUBSTITUTE

The original HJR 19 provides the witness with the right to confer with the prosecution. The substitute provides the right to confer with a representative of the prosecutor's office. Substitute provides for the state's right to due process in a criminal proceeding, as a representative of crime victims and other citizens of this state. Substitute also adds liability immunity for a judge, attorney for the state, peace officer, or law enforcement agency that fails or is unable to provide a right or service in this law. Prevents the defendant from using failure or inability of a person to provide a right or service set forth in this legislation as a ground for appeal. A victim, guardian or legal representative of a victim has standing to enforce the rights in this legislation but does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge.

House Committee on Criminal Jurisprudence
jjb

APPENDIX D

| HOUSE | | | HJR 19 |
|---|---|---|---|
| RESEARCH | | | Richardson, Yost, H. Cuellar, et al. |
| ORGANIZATION bill analysis | | 5/23/89 | (CSHJR 19 by Polumbo) |

SUBJECT: Constitutional rights of crime victims

COMMITTEE: Criminal Jurisprudence: committee substitute recommended

VOTE: 6 ayes—Morales, Polumbo, Alexander, Hinojosa, McCollough, Ovard

0 nays

2 present, not voting—Parker, Warner

1 absent—Richardson

WITNESSES: For—Robert Stearns, Texas Coalition of Crime Victim Advocacy Organizations (VIGIL); Janie Wilson, We The People (WTP); Anne Seymour, National Victim Center; Joyce Issacs, People Against Violent Crime (PAVC); Linda Barker–Lowrance, Victims' Constitutional Amendment. (Registering in support but not testifying—Pam Busfield, Joanne Shaffer, VIGIL; Tammie West, Bonnie McAree, Donna Parker, David Arlington, Jennifer Wilson, WTP; Patricia Day; Chris Jones, Combined Law Enforcement Associations of Texas (CLEAT); Cynthia Kent; Kathi West; Harry Young; Maureen Young Nell Myers PAVC; Cindi Martinez, Travis County district attorney; Doris Bethel, Travis County Sheriffs Department; Michael Sheehan, Arlington Police Association, CLEAT)

Against—John Boston, Texas Criminal Defense Lawyers Association (on original version)

On—Chuck Miller; Suzanne McDaniel

DIGEST:

CSHJR 19 proposes to amend Art. 1 of the Texas Constitution by adding sec. 30, providing for crime victims' rights.

The rights of crime victims would include fair treatment, respect for their dignity and privacy, and reasonable protection from the accused throughout the criminal justice process. Upon request, the crime victim would be notified of court proceedings, allowed to be present at all related court proceedings, unless the court found that the victim's testimony would be "materially affected." The victim would be allowed to confer with the prosecutor's office, receive restitution and receive information about the accused's conviction, sentence, imprisonment and release.

The state, through the prosecuting attorney, would be given the right of due process of law.

Judges, state attorneys, peace officers and law enforcement agencies would not be liable for their failure or inability to provide crime victims' rights, nor could a crime victim appeal a conviction because of an absence of any crime victims' right or service. Crime victims also would not be entitled to participate as a party in a proceeding or to contest the outcome.

The proposal would appear on the Nov. 7, 1989 general election ballot. The ballot would state:

"The constitutional amendment providing a bill of rights for crime victims."

SUPPORTERS
SAY:

CSHJR 19 and its implementing legislation, HB 197, would signal to criminals that the Legislature and the citizens of Texas are committed to a criminal justice system that firmly guards the rights of those victimized by crime. At times it has seemed that criminals are given rights greater than those of victims; HR 19 is an attempt to correct that balance.

This proposed constitutional amendment, similar to one enacted in Michigan, would serve to enlighten the public about the purpose and nature of the criminal justice system. When coupled with the Crime Victims' Bill of Rights that was enacted by the 69th Legislature, this amendment and its implementing legislation would finally address the plight of the innocent. Adoption of this proposal was one of the recommendations of the House Select Committee on Sentencing and Recidivism, which said victims need a set of rights in the law analogous to those accorded criminal defendants.

The rights listed in the proposed amendment may seem basic to those unfamiliar with the system—the right to be present at court hearings involving the offense, for instance—but in reality these rights are not guaranteed under the present system. Victims are now sometimes victimized twice—once by the criminal and again by the criminal justice system.

Spelling out victim's rights in the state Bill of Rights would put them on a par with the rights of defendants. However, the provision would also limit a victim's right to interfere with the right of an accused to a fair trial.

OPPONENTS
SAY:

The Constitution is cluttered enough without adding another section that is already covered in statute by the Texas Crime Victims' Act, enacted by the Legislature in 1985. CSHJR 19 would simply duplicate what already exists in statute, to no real purpose other than empty symbolism.

This constitutional amendment would purport to give the state, through the prosecuting attorney, the due process of law. This would stand the Bill of Rights on its head, since due process is a

**866**

historical right of protection of individuals <u>from</u> the power and authority of the state; the state does not need protection from itself.

CSHJR 19 could allow the prejudicing of a trial. HB 197, the implementing legislation, would allow for crime victims to attend all public proceedings, notwithstanding Rule 613 of Texas Rules of Criminal Evidence, which requires courts to exclude witnesses upon request of a party to the case as being prejudicial to a fair trial.

NOTES: The committee substitute added most of the provisions of the proposed amendment. The original version proposed only that victims ·have the right to be informed of, present at, and heard at all phases of the criminal justice process relating the offense that involved them.

Two companion measures, SJR 32 by Brown and SJR 47 by Tejeda, are both pending before the Senate Criminal Justice Committee.

HB 197 by Richardson would give crime victims the right to attend all public court. proceedings unless the court ruled any testimony would be "materially affected." The bill is pending before the House Calendars Committee. The companion bill, SB 810 by Brown, passed the Senate by 28–3 (Glasgow, Parker, Washington) on April 17 and was reported favorably by the House Criminal Jurisprudence Committee on May 3.

Related legislation, HB 828 by Richardson, which would ensure that crime victims were notified of their rights by either a victim assistance coordinator or crime victim liaison counselor, passed the House on the Consent Calendar on May 19 and is pending before the Senate Criminal Justice Committee. The companion bill, SB 709 by Barrientos, et al., was reported favorably with a substitute by the Senate Criminal Justice Committee on May 17.