

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | No. 08-12-00245-CR |
| Appellant, | § | Appeal from the |
| v. | § | 210th District Court |
| DAVID BARRON, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20120D01101) |
| | § | |

**O P I N I O N**

The State of Texas appeals the trial court's grant of Appellee David Barron's motion for reconsideration and motion for new trial in the interest of justice under TEX.CODE CRIM.PROC.ANN. art. 44.01(a)(3)(West Supp. 2013) following Barron's conviction on one count of aggravated assault, TEX.PENAL CODE ANN. § 22.02(a)(2)(West 2011). The State contends in two issues with multiple sub-parts that the trial court abused its discretion by reversing its prior order denying a new trial without having a factual basis for doing so; by apparently basing its ruling on grounds that Barron did not timely raise in his original motion for new trial; and by purportedly deciding the motion on *Brady*[1] and ineffective assistance of counsel issues the trial judge raised *sua sponte*. Alternatively, the State argues that the trial court lacked jurisdiction to

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

order a new trial because Barron's motion for reconsideration raising new issues actually constituted an out-of-time amendment to his original motion for new trial.

Barron counters that the trial court had the plenary power to reverse its original new trial ruling for up to seventy-five days after sentencing, thereby allowing it to properly entertain the motion for reconsideration. He also argues that even if the ineffective assistance and *Brady* grounds were improperly considered, the trial court properly exercised its discretion in ordering a new trial, and we should affirm under the "'right ruling, wrong reason doctrine,'" because Barron demonstrated: (1) that the trial court tried him in absentia when it refused to let him stand next to his attorneys during voir dire; (2) the trial court prematurely issued an *Allen*[2] charge and failed to instruct the jury on the accomplice witness rule and certain lesser included offenses; (3) the evidence presented was legally and factually insufficient to support the verdict; and (4) newly discovered evidence warranted the new trial.

We sustain the State's jurisdictional objection, vacate the trial court's grant of a new trial, and reinstate Barron's conviction.

## BACKGROUND

Barron was indicted on one count of aggravated assault for attempting to use a truck he was driving to force a motorcyclist off a roadway. A jury found him guilty of the charge on April 24, 2012. The trial court sentenced Barron to 12 years' in prison and assessed $231.00 in court cost. Barron timely filed a motion for new trial, which the trial court denied on May 31, 2012. On June 1, 2012, Barron filed a notice appeal to this Court, which has been docketed as *David Barron v. The State of Texas*, 08-12-00184-CR ("*Barron I*"). The record from *Barron I* was scheduled to be filed on August 22, 2012. However, we abated *Barron I* on July 27, 2012, in light of

---

[2] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

subsequent proceedings in the trial court.[3]

Specifically, on June 20, 2012, fifty-seven days after Barron filed a "First Amended Motion for Reconsideration of the Trial Court's Ruling on Motion for New Trial in the Interest of Justice" in the trial court, alleging that new evidence had come to light since he filed the original motion for new trial. The State objected to the motion on grounds of timeliness. After three hearings, the trial court granted Barron's motion for reconsideration and motion for new trial on July 6, 2012, seventy-three days after sentencing. The State's appeal from that ruling was docketed as *The State of Texas v. David Barron*, 08-12-00245-CR ("*Barron II*"). That appeal forms the basis for this opinion as well as the basis for the abatement order we issued in *Barron I*.

Barron cross-appealed in *Barron II* on August 13, 2012, and in an opinion dated November 14, 2012, we dismissed his cross-appeal for want of jurisdiction, since a criminal defendant may generally only appeal once there has been a final judgment of conviction and the grant of a new trial had overturned that final judgment. *See State v. Barron*, 08-12-00245-CR, 2012 WL 5515678 (Tex.App.--El Paso Nov. 14, 2012, no pet.)(mem. op., not designated for publication). We also noted that we had abated *Barron I* pending the outcome of *Barron II*, stating that Barron had properly preserved his right to appeal and that we would allow his appeal in *Barron I* to proceed if we overruled the trial court and reinstated his conviction in *Barron II*. *Id.*

## DISCUSSION

In Issue One, the State contends that the trial court abused its discretion in granting the new trial, or, alternatively, that the trial court lacked jurisdiction to enter the new trial order because Barron's motion for reconsideration was the functional equivalent of a motion for new trial filed out-of-time. We agree with the State on jurisdictional grounds.

---

[3] The record in *Barron I* has not been filed as of the date of this opinion.

*Jurisdiction*

Although both the State and Barron treat jurisdiction as a minor sub-point in their briefs, the "issue of jurisdiction is fundamental and cannot be ignored." *State v. Roberts*, 940 S.W.2d 655, 657 (Tex.Crim.App. 1996), *overruled on other grounds by State v. Medrano*, 67 S.W.3d 892 (Tex.Crim.App. 2002). We review questions of jurisdiction *de novo*, and may consider jurisdictional issues at any point, including on our own motion. *Id.*

"Jurisdiction cannot be 'inherent;' it is conferred by constitution or by statute." *State v. Patrick*, 86 S.W.3d 592, 596 (Tex.Crim.App. 2002). The Rules of Appellate Procedure grant a trial court limited post-judgment jurisdiction to: (1) entertain a motion for new trial, or amendments to a previous motion for new trial, for up to thirty days after the trial court imposes or suspends a sentence in a criminal case, TEX.R.APP.P. 21.4; and (2) exercise plenary power to resolve the merits of a timely-filed motion or rescind a prior order granting or denying a new trial for up to seventy-five days after sentencing. TEX.R.APP.P. 21.8(a); *Awadelkariem v. State*, 974 S.W.2d 721, 723 (Tex.Crim.App. 1998); *In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex.App.--Houston [14th Dist.] 2004, orig. proceeding). Once the trial court has overruled a timely-filed motion for new trial, the defendant may not file another motion for new trial during the thirty-day primary period established by TEX.R.APP.P. 21.4 without leave of court. *See* TEX.R.APP.P. 21.4(b); *Starks v. State*, 995 S.W.2d 844, 846 (Tex.App.--Amarillo 1999, no pet.). After the thirty-day primary period elapses, the trial court may not consider any motion for new trial, or amendments to a previous motion for new trial, if the State objects. *State v. Zalman*, 400 S.W.3d 590, 593 (Tex.Crim.App. 2013); *Shaffner v. State*, 184 S.W.3d 353, 363 (Tex.App.--Fort Worth 2006, pet. ref'd); *Cueva v. State*, 339 S.W.3d 839, 859 (Tex.App.--Corpus Christi 2011, pet.

4

ref'd). The trial court may only exercise its powers in compliance with the appellate timetables and limited post-judgment jurisdiction established by the Rules of Appellate Procedure. *In re State ex rel. Sistrunk*, 142 S.W.3d at 503.

Barron cites no rule, statute, or case law establishing that a trial court possesses the power to entertain a motion for reconsideration outside the thirty-day primary period. He does cite authority indicating that a trial court may freely revise or rescind its prior ruling during the seventy-five-day plenary period. *Awadelkariem*, 974 S.W.2d at 723. Assuming without deciding that the trial court possessed the plenary power to entertain a motion for reconsideration during the seventy-five-day plenary period, "[w]e do not believe" the thirty-day "limitation can be circumvented by filing a 'motion to reconsider' which contains new grounds and new evidence after the statutory deadline for an amended motion." *Martins v. State*, 52 S.W.3d 459, 467 n.5 (Tex.App.--Corpus Christi 2001, no pet.); *see also Zalman*, 400 S.W.3d at 595; *Licon v. State*, 99 S.W.3d 918, 926 (Tex.App.--El Paso 2003, no pet.)(evidence filed more than thirty days from final judgment may not be considered as part of the appellate record); *Guevara v. State*, 4 S.W.3d 771, 780 (Tex.App.--San Antonio 1999, no pet.)(trial court did not err by refusing to consider amendment to pending motion for new trial filed outside the thirty-day amendment limit provided by the Rules). We appraise whether Barron actually requested reconsideration on previously raised grounds not by his motion's title, but by its substance. *See Martins*, 52 S.W.3d at 467 n.5.

Here, Barron characterized his motion as one for reconsideration of the trial court's prior decision, but he did not re-urge grounds presented in his original motion. Instead, Barron made a perfunctory statement that he was incorporating his previously denied motion for new trial by reference before presenting new evidence that was purportedly unavailable until after the

5

thirty-day motion amendment deadline in TEX.R.APP.P. 21.4 expired. A motion for reconsideration may not be used as a Trojan horse to bypass the Rules of Appellate Procedure and present new arguments or evidence to the trial court. *Martins*, 52 S.W.3d at 467 n.5. By raising new grounds, inducing the trial court to consider and rule on those grounds, and completely failing to re-urge or develop grounds articulated in his previous motion for new trial beyond conclusory reincorporation by reference, Barron presented the trial court with the functional equivalent of a request for leave to file an out-of-time amendment to his original motion for new trial cloaked in the guise of reconsideration. *Id.; see also Cueva*, 339 S.W.3d at 859 ("[A] defendant may not amend or enlarge his original motion with additional claims after the thirty-day period has expired[.]").

"Rule 21.4(b) gives the State a peremptory right to prevent a trial court from entertaining a late-filed amendment to a motion for new trial" by lodging an objection. *State v. Moore*, 225 S.W.3d 556, 569 (Tex.Crim.App. 2007). Here, the State objected. As such, the trial court lacked the authority to hear or take action on the "motion for reconsideration" from its inception because it consisted entirely of new grounds and was filed outside the thirty-day amendment window established by TEX.R.APP.P. 21.4. *Perez v. State*, 261 S.W.3d 760, 771 (Tex.App.--Houston [14th Dist.] 2008, pet. ref'd). The trial court's decision stemming from Barron's motion is void and its original decision denying the new trial stands. State's Issue One is sustained. Therefore, we do not reach the State's second issue. *See* TEX.R.APP.P. 47.1.

We vacate the trial court's order granting a new trial and order granting motion for reconsideration dated July 6, 2012, and reinstate Barron's conviction.

February 7, 2014

YVONNE T. RODRIGUEZ, Justice

Before McClure, C.J., Rivera, and Rodriguez, JJ.

(Do Not Publish)