**Petition for Writ of Prohibition and Writ of Mandamus Denied, Petition for Writ of Habeas Corpus Dismissed, and Memorandum Opinion filed March 13, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00190-CR
### NO. 14-14-00191-CR
### NO. 14-14-00192-CR

### IN RE VECTOR THORN, Relator

**ORIGINAL PROCEEDING
WRIT OF MANDAMUS
177th District Court
Harris County, Texas
Trial Court Cause No. 1398463**

## MEMORANDUM OPINION

On March 5, 2014, relator Vector Thorn filed a petition for writ of prohibition, writ of mandamus, and writ of habeas corpus in this Court. *See* Tex. Gov't Code § 22.221; *see also* Tex. R. App. P. 52. In the petition, relator makes various assertions and requests for relief concerning an underlying criminal proceeding pending in the 177th District Court of Harris County.

As an initial matter, relator's petition does not include the contents or adhere to the form required in an original proceeding in this Court. *See* Tex. R. App. P. 52.3, 52.7. Among the various procedural deficiencies in relator's petition, relator fails to provide an appendix or record containing documentation pertaining to most of the matters of which relator complains. *See* Tex. R. App. P. 52.3(j) (requiring relator to certify that every factual statement in the petition is supported by competent evidence in the appendix or record), 52.3(k)(1)(A) (requiring relator to include a certified or sworn copy of any order or other document made the subject of relator's complaint), 52.7(a)(1) (requiring relator to include a certified or sworn copy of every document material to relator's claim for relief that was filed in the underlying proceeding). Relator's failure to comply with the applicable procedural rules is, by itself, a sufficient reason to deny his petition. *See In re Huag*, No. 14-04-01077-CV, 2005 WL 171456, *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2005, orig. proceeding) (mem. op. per curiam) (denying petition for the sole reason that it did not comply with Rule 52.3); *see also Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("The law is well established that *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure.").

Even if this Court were to disregard relator's failure to adhere to the mandatory procedural rules, we could not grant relator his requested relief. Relator first seeks a writ of prohibition on the grounds that the trial court lacks jurisdiction over his case. "A writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction." *In re Sistrunk*, 142 S.W.3d 497, 500 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). Relator, however, bears the

2

burden to prove he is entitled to a writ of prohibition because the trial court lacks jurisdiction. *See id.* (noting same principles control the use of a writ of mandamus and writ of prohibition when invoked to correct unlawful assumption of jurisdiction); *see also Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding) (burden to demonstrate entitlement to mandamus is on the relator). Here, relator merely asserts the trial court lacks jurisdiction, without reference to record documents or citations to applicable legal precedent. Accordingly, relator has not demonstrated his entitlement to a writ of prohibition.

Relator next seeks a writ of mandamus to compel the trial court to rule on two motions purportedly filed by relator. To be entitled to mandamus relief with respect to a criminal law matter, relator must show that he has no adequate remedy at law to redress his alleged harm, and that what he seeks to compel is a ministerial act, not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). The act of a trial court considering and ruling on a motion that is properly filed and before it is a ministerial act, and, in appropriate cases, mandamus may issue to compel a trial court to act on a motion. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding). To obtain mandamus relief based on a trial court's failure or refusal to act on a motion, the relator must show that the trial court: (1) had a legal duty to rule; (2) was asked to rule; and (3) failed or refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding); *In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding).

3

It is relator's burden to provide the Court with a sufficient record to establish the right to mandamus relief. *See In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker*, 827 S.W.2d at 837; *see also Young*, 236 S.W.3d at 210; *In re Villarreal*, 96 S.W.3d 708, 711 (Tex. App.— Amarillo 2003, orig. proceeding). A party who complains about a trial court's refusal to rule on a pending motion must show that the matter was brought to the attention of the trial court. *Blakeney*, 254 S.W.3d at 662; *Hearn*, 137 S.W.3d at 685. Merely filing a motion with a court clerk does not show that the motion was brought to the trial court's attention, because the clerk's knowledge is not imputed to the trial court. *Blakeney*, 254 S.W.3d at 662; *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding).

Relator does not make the required showing. All relator provides are copies of the documents purportedly filed with the trial court. Neither of the documents is certified or file-stamped, or otherwise bears any indication on its face that it actually was received, let alone presented to the trial court. This is insufficient for relator to satisfy his burden. *See In re Risley*, No. 14-06-01005-CV, 2006 WL 3486823, *2 (Tex. App.—Houston [14th Dist.] Dec. 5, 2006, orig. proceeding) (mem. op. per curiam) (stating relator's "copies of his subsequent motions and letters to the clerk are not certified and do not reflect a file stamp; therefore, the copies do not evidence that relator made the court aware of his subsequent motions nor that he asked the court to rule and it refused"); *see also Villarreal*, 96 S.W.3d at 710 (mailing of application deemed insufficient because it did not establish, *inter alia*, "whether it was received by the district court, and the date on which it was received (assuming it was received)").

Finally, relator seeks a writ of habeas corpus, asserting various complaints about the conduct of proceedings in the underlying prosecution. We are unable to consider relator's petition for writ of habeas corpus in this criminal case, however, because our habeas jurisdiction extends solely to situations in which a relator's restraint of liberty arises from a violation of an order, judgment, or decree of a court or judge in a civil case. *See* Tex. Gov't Code § 22.221(d).

Therefore, we dismiss relator's petition for writ of habeas corpus for lack of jurisdiction, and we deny relator's petition for writ of prohibition and writ of mandamus.

PER CURIAM

Panel consists of Justices Boyce, Christopher, and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).

5