In re the STATE of Texas ex rel.
Kurt SISTRUNK, Relator.

No. 14–04–00629–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

July 20, 2004.

 

 

 

 .

 

 

 

 

 

 

 

 

 

 

 

 

 

Kurt Sistrunk, B. Warren Goodson, Jr., Joel H. Bennett, Galveston, for relator.

Charles F. Stanfield Jr., Richard Paul Martini, Winifred Weber, Houston, Shannon T. Nash, Spring, for respondent.

Panel consists of Chief Justice HEDGES and Justices HUDSON and FROST.

## OPINION

PER CURIAM.

On July 1, 2004, relator, Kurt Sistrunk, Criminal District Attorney of Galveston County, Texas, filed a petition for writ of prohibition and writ of mandamus in this court. *See* TEX. GOV'T CODE ANN. § 22.221 (Vernon Supp.2004); *see also* TEX.R.APP. P. 52. In his petition, relator asked this court to order respondent, the Honorable Susan Criss, Judge of the 212th Judicial District Court of Galveston County, Texas, to desist from any further proceedings in cause number 96CR1644, styled *The State of Texas v. Haki Danaj*, in which judgment and sentence were signed March 1, 2004. Relator claimed that any action by the trial court is void because the court no longer has jurisdiction over the cause.

## BACKGROUND

After a guilty plea, Haki Danaj was convicted of manslaughter for the shooting death of Femi Halili. On March 1, 2004, in accordance with the terms of a plea bargain agreement with the State, the trial court sentenced him to confinement in the Institutional Division of the Texas Department of Criminal Justice for two years. At the plea proceedings, members of the deceased's family were present. The record indicates the victim's sister-in-law gave some testimony, but that testimony is not part of our record. Apparently, other family members were not given an opportunity to provide victim impact testimony. The record before this court indicates no written victim impact statements were filed at the time of the plea. On March 25, 2004, the deceased's family members and others filed an "amicus curiae" notice of appeal attempting to challenge Danaj's sentence. No motion for new trial was filed, and Danaj waived his right of appeal as part of his plea agreement.[1]

By letter signed May 4, 2004, respondent ordered counsel for the amici and the State to submit briefs addressing the right, if any, of a crime victim to appeal. Briefs were filed as ordered, and, at the amici's request, respondent set a hearing for July 2, 2004, to address the amici's attempt to challenge Danaj's sentence.

---

1. The record indicates Danaj was released from the Galveston County Jail on March 29, 2004, for time served and placed on parole. His parole was subsequently revoked and Danaj was remanded to the Institutional Division of the Texas Department of Criminal Justice, with a projected release date in July, 2004.

The State filed an emergency motion for stay and this original proceeding in this court. It appeared from the facts stated in the petition that relator's request for relief required further consideration and that relator would have been prejudiced unless immediate temporary relief were granted. *See* Tex.R.App. P. 52.8(b), 52.10. Accordingly, on July 1, 2004, this court stayed all proceedings in this matter pending resolution of this petition and requested a response to the petition. The amici have filed a response.

## STANDARD OF REVIEW

 In a criminal case, mandamus relief is authorized only if the relator establishes (1) he has no other adequate legal remedy; and (2) under the relevant facts and law, the act sought to be compelled is purely ministerial. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 927 (Tex.Crim.App.2001). An act is "ministerial" if it does not involve the exercise of discretion. *Id.* In some circumstances, a remedy at law may technically exist; however, it nevertheless may be so uncertain, tedious, burdensome, slow, inconvenient, inappropriate or ineffective as to be deemed inadequate. *Stearnes v. Clinton*, 780 S.W.2d 216, 225 (Tex.Crim. App.1989).

 Mandamus is available when a trial judge enters an order without statutory authority. *In re State*, 50 S.W.3d 100, 102 (Tex.App.-El Paso 2001, orig. proceeding). An order entered without authority is void, and mandamus is the appropriate remedy when a trial court enters a void order. *In re Dickason*, 987 S.W.2d 570, 571 (Tex.1998) (orig. proceeding); *State ex rel. Holmes v. Honorable Court of Appeals for Third Dist.*, 885 S.W.2d 389, 396 (Tex. Crim.App.1994).

 A writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction. *Bd. of Disciplinary Appeals v. McFall*, 888 S.W.2d 471, 472 (Tex.1994) (orig. proceeding). The writ is designed to operate like an injunction issued by a superior court to control, limit, or prevent action in a court of inferior jurisdiction. *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 682 (Tex.1989). A writ of prohibition directs a lower court to refrain from doing some act, while a writ of mandamus commands a lower court to do some act. *Tilton v. Marshall*, 925 S.W.2d 672, 676 n. 4 (Tex.1996). The same principles control the use of both writs when they are invoked to correct the unlawful assumption of jurisdiction by an inferior court. *Id.* Accordingly, either writ is an appropriate means to require a trial court to vacate a void order arising out of an erroneous assertion of jurisdiction. *Id.*

## DISCUSSION

Relator asserts respondent has no authority to determine the jurisdiction of a court of appeals by considering the propriety of the amici's notice of appeal. In addition, relator contends the trial court has lost jurisdiction over this case and has no power to conduct a hearing on the amici's attempted challenge to Danaj's sentence.

### A. The Right of Appeal and Appellate Jurisdiction

 A defendant in any criminal action has the right of appeal under the prescribed rules. Tex.Code Crim. Proc. Ann. art. 44.02 (Vernon 1979); Tex.R.App. P. 25.2(a)(2). The State also has a right to appeal certain enumerated orders. Tex. Code Crim. Proc. Ann. art. 44.01 (Vernon Supp.2004); Tex.R.App. P. 25.2(a)(1). If there is a question concerning the right to appeal certain matters, it is a matter within the jurisdiction of the court of appeals to decide and not within the jurisdiction of

the trial court to decide. *Campos v. State,* 818 S.W.2d 872, 875 (Tex.App.-Houston [14th Dist.] 1991, pet. ref'd). In the absence of express statutory authority, the trial court cannot "deny" an appeal. *Homan v. Hughes,* 708 S.W.2d 449, 452–53 (Tex.Crim.App.1986); *Whitsitt v. Ramsay,* 719 S.W.2d 333, 335 (Tex.Crim.App.1986). In *Whitsitt,* the Court of Criminal Appeals held that forwarding the notice of appeal is a procedural matter that "shall" be done by the clerk. 719 S.W.2d at 335 The court stated clearly that "neither the trial court nor the district clerk had any discretion in regard to forwarding the notice of appeal." *Id.; see also Ybarra v. Azios,* 751 S.W.2d 727, 728 (Tex.App.-Houston [14th Dist.] 1988, orig. proceeding) (conditionally granting mandamus against judge who ordered defendant could not appeal without court's consent). Whether or not a notice of appeal is proper or effective is "a question for the Court of Appeals to decide, not the trial judge." *Whitsitt,* 719 S.W.2d at 335 (Miller, J., concurring). Even when there is no statutory right to appellate review, the trial court has no authority to prevent notice of appeal to the court of appeals. *Faerman v. State,* 966 S.W.2d 843, 847 (Tex.App.-Houston [14th Dist.] 1998, no pet.).

■ Accordingly, we hold respondent has no authority to determine whether the notice of appeal filed by the amici is proper or effective because that determination lies within the court of appeals' jurisdiction.

## B. Victims' Rights

The Texas Constitution recognizes the rights of crime victims to be treated with fairness and dignity. TEX. CONST. art. I, § 30 ("Crime Victims' Bill of Rights").[2] These rights, as more fully described, are codified at Texas Code of Criminal Procedure article 56.02. TEX.CODE CRIM. PROC. ANN. art. 56.02 (Vernon Supp.2004). As the statute makes clear, however, "a victim, guardian of a victim, or close relative of a deceased victim does not have standing to participate as a party in a criminal proceeding or to contest the disposition of any charge." TEX.CODE CRIM. PROC. ANN. art. 56.02(d) (Vernon Supp.2004).[3]

"Before accepting a plea of guilty or a plea of nolo contendere, the court shall inquire as to whether a victim impact

---

2. The Texas Constitution provides for the following victims' rights:

(a) A crime victim has the following rights:

(1) the right to be treated with fairness and with respect for the victim's dignity and privacy throughout the criminal justice process; and

(2) the right to be reasonably protected from the accused throughout the criminal justice process.

(b) On the request of a crime victim, the crime victim has the following rights:

(1) the right to notification of court proceedings;

(2) the right to be present at all public court proceedings related to the offense, unless the victim is to testify and the court determines that the victim's testimony would be materially affected if the victim hears other testimony at the trial;

(3) the right to confer with a representative of the prosecutor's office;

(4) the right to restitution; and

(5) the right to information about the conviction, sentence, imprisonment, and release of the accused.

TEX. CONST. art. I, § 30(a), (b).

3. " 'Victim' means a person who is the victim of sexual assault, kidnapping, or aggravated robbery or who has suffered bodily injury or death as a result of the criminal conduct of another." TEX.CODE CRIM. PROC. ANN. art. 56.01(3) (Vernon Supp.2004). " 'Close relative of a deceased victim' means a person who was the spouse of a deceased victim at the time of the victim's death or who is a parent or adult brother, sister, or child of the deceased victim." TEX.CODE CRIM. PROC. ANN. art. 56.01(1) (Vernon Supp.2004).

statement has been returned to the attorney representing the state and ask for a copy of the statement if one has been returned." Tex.Code Crim. Proc. Ann. art. 26.13(e) (Vernon Supp.2004). However, the legislature also provided that "the failure of the court to comply with Subsection (e) of this article is not grounds for the defendant to set aside the conviction, sentence, or plea." See Tex.Code Crim. Proc. Ann. art. 26.13(f) (Vernon Supp.1998).

The amici seek to have the trial court "re-do the sentencing process utilizing the procedures to which they are entitled by constitution and statute." They complain the prosecutor failed to inform them about procedures, misinformed them about their opportunity to address the court, and was verbally abusive to them. They allege they were not informed about their right to prepare a victim impact statement until the day of the plea proceeding.[4] They further complain that the trial court failed to respect their rights by allowing the plea proceeding to continue after it was apparent victim impact statements had not been prepared.

The amici refer to the legislative history of article 56.02 of the Texas Code of Criminal Procedure, as reprinted in State Ex Rel. Hilbig v. McDonald, 839 S.W.2d 854, 859–66 (Tex.App.-San Antonio 1992, orig. proceeding). Based upon the committee bill analysis, the amici assert that because the prosecution was entrusted to protect the rights of victims so that victims would not be forced to litigate to enforce their rights, the legislature did not provide a remedy for the violation of victims' rights.

See id. at 861 ("The district attorney's office would have to safeguard these rights."); see also Tex.Code Crim. Proc. Ann. Art. 56.02(c) (Vernon Supp.2004) ("The office of the attorney representing the state, and the sheriff, police, and other law enforcement agencies shall ensure to the extent practicable that a victim, guardian of a victim, or close relative of a deceased victim is afforded the rights granted by .... this article and, on request, an explanation of those rights."). The amici ask that this court craft a remedy to enable them to enforce their rights because the prosecutor failed to ensure their rights were protected.

▌ Based upon the plain language of the statutes, the amici have no standing to appeal to challenge Danaj's sentence or the procedures at the sentencing hearing related to their rights as family members of a deceased victim. The statute clearly provides they may not be parties to a criminal proceeding and they may not challenge the disposition of the defendant's case. Tex.Code Crim. Proc. Ann. art. 56.02(d) (Vernon Supp.2004). In addition, if non-compliance with victim impact statement provisions does not provide a ground for a defendant to set aside his sentence, such non-compliance surely provides no ground for the victims to challenge the sentence. See Tex.Code Crim. Proc. Ann. art. 26.13(f) (Vernon Supp.2004).

The amici recognize that the law does not provide a remedy for victims when their rights are violated. They concede in their response to this petition that "Judge

---

4. The State provided an affidavit from Rachel Leal, the Victim Assistance Coordinator for the Office of the Criminal District Attorney of Galveston County. In her affidavit, Ms. Leal averred that shortly after the indictment was returned, on December 10, 1996, she mailed a victim impact packet containing a letter of explanation, victim impact statement, and ap-

plication for Texas Crime Victims' Compensation, to the next-of-kin shown on the offense report. In their briefing filed in the trial court, the amici denied receipt of this packet. The record indicates the amici were provided a subsequent packet, which was completed and returned on April 1, 2004, after sentencing.

Criss's order to set a hearing on July 2, 2004, was not sanctioned within the Rules of Appellate Procedure and the Code of Criminal Procedure; however, the family feels that a hearing, whether ordered by this Court or the trial court, would be an appropriate measure." Neither this court nor the trial court have the power to order such a hearing.

## C. Jurisdiction of the Trial Court

The trial court's jurisdiction expires when a case becomes final or is taken to a higher court. *Yarbrough v. State,* 703 S.W.2d 645, 649 (Tex.Crim.App. 1985). A trial court then has only limited jurisdiction to perform functions specified by statute, such as finding facts on an application for writ of habeas corpus. *State v. Patrick,* 86 S.W.3d 592, 594 (Tex. Crim.App.2002). Without jurisdiction, the trial court has no power to act. *Id.* at 595.

In addition to express grants of power conferred by constitution, statute, or common law, courts have inherent and implied powers. *State v. Johnson,* 821 S.W.2d 609, 612 (Tex.Crim.App.1991) (citing with favor *Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398 (Tex.1979)). The inherent powers of a court are those which it may call upon to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity. *Id.* A court's implied powers are those powers which can and ought to be implied from an express grant of power. *Id.*

The trial court has limited power to act in a case after judgment is entered. Plenary power does not create jurisdiction where none exists under the law. *Ex parte Donaldson,* 86 S.W.3d 231, 234 (Tex.Crim.App.2002). To the extent that a judge has plenary power over a proceeding, that power is limited by the Rules of Appellate Procedure and by statute.[5] *Awadelkariem v. State,* 974 S.W.2d 721, 728 (Tex.Crim.App.1998).

Generally, a trial court has plenary jurisdiction over a case for the first thirty days after sentencing because it has the authority to receive a motion for new trial (or motion in arrest of judgment) within that time period and to resolve the merits of that motion within 75 days after sentencing. *See* TEX.R.APP. P. 21, 22; *McClinton v. State,* 121 S.W.3d 768, 778 n. 1 (Tex.Crim.App.2003) (Cochran, J., concurring). A court has inherent power to correct, modify, vacate, or amend its own rulings so long as the court does not exceed a statutory time table.[6] *Awadelkariem,* 974 S.W.2d at 728. This power is also limited, however. For example, a trial court does not have the authority to grant a new trial unless the defendant requests it. *Zaragosa v. State,* 588 S.W.2d 322, 326–27 (Tex.Crim.App.1979). In addition, a trial court cannot grant new trial as to only the punishment phase of trial. *State v. Hight,* 907 S.W.2d 845, 846–47 (Tex. Crim.App.1995).

A trial court is also limited in its ability to modify a defendant's sentence. The Court of Criminal Appeals has invalidated attempts to cumulate sentences at a later date if the trial judge did not impose such cumulation order at the first sentencing hearing and when the defendant al-

---

5. For example, the legislature specifically granted trial courts limited power to modify a sentence to impose "shock probation" within 180 days after sentencing. TEX.CODE CRIM. PROC. ANN. art. 42.12, § 6(a) (Vernon Supp. 2004)

6. A trial court may also correct clerical mistakes in a judgment or order after the expiration of the court's plenary power, by entry of a judgment nunc pro tunc. *State v. Bates,* 889 S.W.2d 306, 309 (Tex.Crim.App.1994).

ready has begun serving the first sentence imposed.[7] *See, e.g., Ex parte Voelkel,* 517 S.W.2d 291, 292 (Tex.Crim.App.1975) (where defendant's sentences were cumulated after he already had begun serving the sentence the court imposed the day before). Also, attempts by a trial court to re-sentence a defendant to take an enhancement paragraph into account have been held void. After sentence is first imposed, the trial court is without power to set aside that sentence and order a new sentence to increase the punishment. *See Ex parte Reynolds,* 462 S.W.2d 605, 608 (Tex.Crim.App.1970); *Tooke v. State,* 642 S.W.2d 514, 518 (Tex.App.-Houston [14th Dist.] 1982, no pet.).

The amici contend the trial court should have the duty to enforce the victims' rights by *sua sponte* motion, equating this situation to a court's duty to withdraw a defendant's guilty plea when an issue as to the defendant's innocence is fairly and reasonably raised. *See Griffin v. State,* 703 S.W.2d 193, 195–96 (Tex.Crim.App.1986) (plurality op.); *Lincoln v. State,* 560 S.W.2d 657, 658–59 (Tex.Crim.App.1978). Withdrawal of a guilty plea at the plea proceeding is not analogous to a court's power to act after sentencing and expiration of its jurisdiction, however.

■ Here, Danaj was sentenced on March 1, 2004. No motion for new trial was filed. The trial court's plenary power over the judgment has expired. We hold the trial court lacks jurisdiction, including any inherent or implied authority, to conduct a hearing and rule on the amici's notice of appeal. Furthermore, the trial court has no power to re-sentence Danaj.

### CONCLUSION

The trial court lacks jurisdiction to conduct a hearing on the amici's notice of appeal. Furthermore, the trial court has no authority to determine whether a notice of appeal is proper or effective. Because the trial court is acting beyond its authority and the State has no other adequate remedy, we find that extraordinary relief is appropriate. Respondent is directed to desist from further orders, hearings, or other proceedings concerning the amici's attempt to challenge Danaj's sentence or the sentencing procedures by notice of appeal. We conditionally grant relator's petition for writ of prohibition and writ of mandamus. The writs will not issue unless respondent fails to comply with this court's directive.

---

7. A sentence commences the day it is pronounced unless defendant appeals his conviction. Tex.Code Crim. Proc. Ann. art. 42.09(1) (Vernon Supp.2004).