COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTION

Appellate case name:      Lature Robert Irvin v. The State of Texas

Appellate case numbers:   01-15-00139-CR

Trial court case numbers: 1282104

Trial court:              263rd District Court of Harris County

On February 25, 2011, appellant, Lature Robert Irvin, was indicted by a grand jury for the second-degree felony offense of sexual assault. *See* TEX. PENAL CODE ANN. §§ 22.011(a)(1)(A) (West Supp. 2014). On January 28, 2015, after appellant was convicted as charged in the indictment following a jury trial, the trial court found the first enhancement paragraph true that appellant had a prior sexual-assault conviction, and assessed appellant's punishment at life imprisonment. *See id.* §§ 12.32(a), 12.42(b) (West Supp. 2014). The trial court certified appellant's right of appeal because this was not a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2)(B). On January 28, 2015, appellant, through trial counsel, timely filed a notice of appeal from the judgment of conviction by jury. *See id.* 26.2(a)(1). After appellant requested the appointment of counsel, the trial court appointed Kurt B. Wentz as his appellate counsel.

On July 9, 2015, the Clerk of this Court granted the ninety-day motion for an extension of time to file appellant's brief by his appointed counsel until October 2, 2015, but with no further extensions. On August 11, 2015, this Court granted appellant's motion to substitute counsel, construed as a notice of appearance of lead counsel, by his recently-retained appellate counsel, Robert L. Sirianni, Jr. On September 11, 2015, appellant's retained counsel filed a "Motion for Stay of Appellate Proceedings and Relinquishment of Jurisdiction to Trial Court for Consideration of Renewed Motion for New Trial" (hereinafter, "Motion to Stay").

Appellant's Motion to Stay attaches his proposed second motion for new trial, which counsel claims would be filed in the trial court upon this Court's granting of this Motion to Stay, and is based on the alleged ineffectiveness of trial counsel for failure to

call a witness, Lizette Ramirez. Appellant claims that his "trial counsel never received" appellant's "informed consent to proceed" to trial without Ms. Ramirez, who he asserts was not properly subpoenaed, and that "trial counsel's failure to disclose th[is] conflict constitutes fraud on the court." Appellant further contends, without citation to any authority, that "the trial court would have jurisdiction to grant a new trial should this court relinquish jurisdiction." Thus, appellant claims that, because of this alleged ineffectiveness of counsel which he asserts would be demonstrated at an evidentiary hearing, "[if] he is successful, the trial court would be compelled to grant a new trial, and this appeal would become moot." The Court **denies** the motion.

The trial court's jurisdiction expires when a criminal case becomes final or is taken to a higher court. *Yarbrough v. State*, 703 S.W.2d 645, 649 (Tex. Crim. App. 1985); *see also In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). A trial court in a criminal case then has only limited jurisdiction to perform functions specified by statute, such as finding facts on an application for writ of habeas corpus. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002); *Sistrunk*, 142 S.W.3d at 503. Without jurisdiction, the trial court has no power to act. *Patrick*, 86 S.W.3d at 594; *Sistrunk*, 142 S.W.3d at 503. Plenary power does not create jurisdiction where none exists under the law. *Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); *Sistrunk*, 142 S.W.3d at 503. To the extent that a trial judge has plenary power over a criminal proceeding, that power is limited by the Rules of Appellate Procedure and by statute. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998), *overruled, on other grounds, by Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015); *see also Sistrunk*, 142 S.W.3d at 503.

Generally, a trial court has plenary jurisdiction over a criminal case for the first thirty days after sentencing because it has the authority to receive a motion for new trial (or motion in arrest of judgment) within that time period and to resolve the merits of that motion within seventy-five days after sentencing. *See* TEX. R. APP. P. 21, 22; *McClinton v. State*, 121 S.W.3d 768, 778 n.1 (Tex. Crim. App. 2003) (Cochran, J., concurring); *Sistrunk*, 142 S.W.3d at 503. A motion for new trial must be filed "no later than 30 days after [] the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a). The trial court must "rule on a motion for new trial within 75 days after imposing or suspending sentence in open court," or it is deemed denied. *Id.* 21.8(a), (c). After this period has run, the trial court has no jurisdiction over the motion for new trial and can neither grant nor deny it. *Garza v. State*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *Laidley v. State*, 966 S.W.2d 105, 107–08 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Here, according to the clerk's record, appellant's appointed counsel, Kurt B. Wentz, timely filed a motion for new trial on February 27, 2015. TEX. R. APP. P. 21.4(a). In that motion, appellant argued that he had received ineffective assistance of counsel at trial for, among other reasons, failure to call available witnesses, not including

Ms. Ramirez. On April 29, 2015, the trial court signed an order by handwriting "Denied" on appellant's proposed order requesting a hearing date for his motion for new trial. However, there was no written order by the trial court timely ruling on the merits of appellant's motion for new trial in the clerk's record. Thus, appellant's first motion for new trial was "deemed denied" by operation of law on April 13, 2015, the seventy-fifth day after imposition of the January 28, 2015 sentence. *Id*. 21.8(a), (c).

Appellant's Motion to Stay fails to mention the fact that he already had one motion for new trial, raising similar ineffectiveness of trial counsel claims, filed by his appointed counsel. As noted above, after the expiration of seventy-five days from the date of the imposition of the January 28, 2015 sentence, the trial court lost plenary jurisdiction to rule on appellant's first motion for new trial, which was deemed denied. *See Garza*, 931 S.W.2d at 562. And, as noted above, any proposed second motion for new trial would be untimely because it would be filed more than thirty days after sentencing. TEX. R. APP. P. 21.4(a). Without jurisdiction, the trial court has no power to act. *See Patrick*, 86 S.W.3d at 594. Although appellant claims that "the trial court would have jurisdiction to grant a new trial should this court relinquish jurisdiction," he failed to cite to any authority that would grant the trial court jurisdiction and this Court is not aware of any such authority. *See*, *e.g.*, *Ex parte Donaldson*, 86 S.W.3d at 234 (plenary power does not create jurisdiction where none exists under the law).

Accordingly, appellant's Motion to Stay is **denied**. Appellant's brief remains due by October 2, 2015, with no further extensions.

It is so ORDERED.

Judge's signature: /s/ Laura Carter Higley_
                    X  Acting individually     ☐ Acting for the Court

Date: September 25, 2015