COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER ON MOTIONS

Appellate case name:        Robert James Martin III v. The State of Texas

Appellate case numbers:    01-15-00709-CR, 01-15-00710-CR, and 01-15-00711-CR

Trial court case numbers:  74428, 74429, and 74430

Trial court:                 149th District Court of Brazoria County

On July 29, 2015, after appellant, Robert James Martin III, pleaded guilty to one count of evading arrest under trial court cause number 74428, and several counts of aggravated robbery under trial court cause numbers 74429 and 74430, the trial court assessed his punishment at ten years' confinement, forty years' confinement, and forty years' confinement, all to be served concurrently. *See* TEX. PENAL CODE ANN. §§ 29.03, 38.04 (West Supp. 2014). On August 7, 2015, appellant, through trial counsel, timely filed a notice of appeal from the judgment of conviction in each of the three trial court cause numbers. *See* TEX. R. APP. P. 26.2(a)(1). On August 27, 2015, after the trial court appointed David Michael Ryan as appellant's appellate counsel, appellant timely filed a motion for new trial in the trial court. *See id.* at 21.4(a).

On October 9, 2015, appellant filed a "Motion to Stay Proceedings" in this Court, contending that the trial court untimely scheduled the hearing on his motion for new trial for October 15, 2015, despite his timely presenting the motion. *See* TEX. R. APP. P. 21.6. Appellant claims that, despite the fact that he brought to the trial court's attention that his motion for new trial will be overruled by operation of law on the seventy-fifth day after judgment was entered, or on October 12, 2015, the trial court's docket entries indicate that October 15, 2015 was the earliest date available. Appellant claims that, though this new-trial hearing is necessary to develop evidence regarding the voluntariness of his plea, he seeks a stay of the trial court's proceeding because the hearing would be on a legally-moot motion and because the appellate record is not yet available.

On October 19, 2015, appellant filed a similar "Emergency Motion to Stay Proceedings and Remand" in this Court, claiming that appellant was not brought to the

trial court for the hearing on his motion for new trial on October 15, 2015. Instead, appellant claims that the trial court issued a bench warrant and reset the hearing on his motion for new trial for October 20, 2015. Thus, appellant now requests that this Court stay this appeal and remand this case to the trial court "so that the proceedings as currently scheduled are timely for appellate purposes." The Court **dismisses** both motions.

The trial court's jurisdiction expires when a criminal case becomes final or is taken to a higher court. *Yarbrough v. State*, 703 S.W.2d 645, 649 (Tex. Crim. App. 1985); *see also In re State ex rel. Sistrunk*, 142 S.W.3d 497, 503 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding). A trial court in a criminal case then has only limited jurisdiction to perform functions specified by statute, such as finding facts on an application for writ of habeas corpus. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002); *Sistrunk*, 142 S.W.3d at 503. Without jurisdiction, the trial court has no power to act. *Patrick*, 86 S.W.3d at 594; *Sistrunk*, 142 S.W.3d at 503. Plenary power does not create jurisdiction where none exists under the law. *Ex parte Donaldson*, 86 S.W.3d 231, 234 (Tex. Crim. App. 2002); *Sistrunk*, 142 S.W.3d at 503. To the extent that a trial judge has plenary power over a criminal proceeding, that power is limited by the Rules of Appellate Procedure and by statute. *See Awadelkariem v. State*, 974 S.W.2d 721, 728 (Tex. Crim. App. 1998), *overruled, on other grounds, by Kirk v. State*, 454 S.W.3d 511, 515 (Tex. Crim. App. 2015); *see also Sistrunk*, 142 S.W.3d at 503.

Generally, a trial court has plenary jurisdiction over a criminal case for the first thirty days after sentencing because it has the authority to receive a motion for new trial (or motion in arrest of judgment) within that time period and to resolve the merits of that motion within seventy-five days after sentencing. *See* TEX. R. APP. P. 21, 22; *McClinton v. State*, 121 S.W.3d 768, 778 n.1 (Tex. Crim. App. 2003) (Cochran, J., concurring); *Sistrunk*, 142 S.W.3d at 503. A motion for new trial must be filed "no later than 30 days after [] the date when the trial court imposes or suspends sentence in open court." TEX. R. APP. P. 21.4(a). The trial court must "rule on a motion for new trial within 75 days after imposing or suspending sentence in open court," or it is deemed denied. *Id.* 21.8(a), (c). After this period has run, the trial court has no jurisdiction over the motion for new trial and can neither grant nor deny it. *Garza v. State*, 931 S.W.2d 560, 562 (Tex. Crim. App. 1996); *Laidley v. State*, 966 S.W.2d 105, 107–08 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd).

Here, appellant timely filed a notice of appeal on August 7, 2015, and timely filed a motion for new trial, in each case, on August 27, 2015. *See* TEX. R. APP. P. 21.4(a), 26.2(a)(1). Appellant claims that the trial court did not timely schedule the hearing on his motion for new trial within seventy-five days of his July 29, 2015 sentence. However, the trial court's docket entry, attached to appellant's motion, was dated September 25, 2015, and indicates that the initial October 15, 2015 hearing date was set "due to schedule of

the court and the [defendant's] attorney." Thus, despite the fact that the initial hearing date was partially due to appellant's counsel schedule and he was put on notice of the October 15, 2015 hearing date as early as September 25, 2015, he did not file this "Motion to Stay Proceedings" in this Court until October 9, 2015. Also, appellant apparently did not seek to file a writ of prohibition in this Court to prevent the trial court from holding the hearing. *See Sistrunk*, 142 S.W.3d at 500 ("A writ of prohibition is proper to prevent a trial court from acting when the court lacks jurisdiction."). Nevertheless, appellant's motion for new trial was "deemed denied" by operation of law on October 12, 2015, the seventy-fifth day after imposition of the July 29, 2015 sentence. *Id.* at 21.8(a), (c).

As noted above, after the expiration of seventy-five days from the date of the imposition of the July 29, 2015 sentence, the trial court lost plenary jurisdiction to rule on appellant's motion for new trial, which was deemed denied on October 12, 2015. *See* TEX. R. APP. P. 21.8(a), (c); *Garza*, 931 S.W.2d at 562. Without jurisdiction, the trial court has no power to act. *See Patrick*, 86 S.W.3d at 594. Although appellant claims that this Court should stay this appeal and remand this case to the trial court "so that the proceedings as currently scheduled are timely for appellate purposes," he failed to cite to any authority that would grant the trial court jurisdiction and this Court is not aware of any such authority. *See*, *e.g.*, *Ex parte Donaldson*, 86 S.W.3d at 234 (plenary power does not create jurisdiction where none exists under the law).

Accordingly, appellant's "Motion to Stay Proceedings" and "Emergency Motion to Stay Proceedings and Remand" are **dismissed as moot**. Because the appellate record is not yet due to be filed until November 30, 2015, appellant's brief will be due thirty days after the complete appellate record has been filed. *See* TEX. R. APP. P. 38.6(a).

It is so ORDERED.


Judge's signature: _/s/ Evelyn V. Keyes_
                       ☒ Acting individually     ☐ Acting for the Court

Date: October 22, 2015