RECEIVED IN
COURT OF CRIMINAL APPEALS

November 18, 2015

ABEL ACOSTA, CLERK

WR-84,212-01
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 11/18/2015 6:18:29 PM
Accepted 11/18/2015 6:23:48 PM
ABEL ACOSTA
CLERK

No. WR-84,212-01

# In the
# Court of Criminal Appeals

In re STATE OF TEXAS ex rel. BRIAN RISINGER,
*Relator*,

v.

The Honorable HAL RIDLEY,
278th Judicial District Court of Madison County, Texas,
*Respondent.*

ON MOTION FOR LEAVE TO FILE
PETITION FOR A WRIT OF MANDAMUS

## RESPONSE OF REAL PARTY IN INTEREST RAPHAEL HOLIDAY IN OPPOSITION TO MOTION FOR LEAVE TO FILE PETITION FOR A WRIT OF MANDAMUS

Raphael Deon Holiday opposes the State's motion for leave to file a petition for writ of mandamus directed to Judge Had Ridley of the 278th Judicial District Court of Madison County, Texas, and ordering him to vacate the order he entered withdrawing the order setting Mr. Holiday's execution date for November 18, 2015, and recalling the warrant of execution. Relator contends that the trial court lacked authority under Tex. Code Crim. Proc. art. 43.141 to enter the order.

The trial court's acts, however, do not violate the language of the statute and no published decision interpreting the statute exists. Additionally, other sources of power for the court's actions exist besides Article 43.141. Because arguments to support the positions of both relator and Mr. Holiday exist, it cannot be said that the trial court had a ministerial duty to refrain from withdrawing the order setting Mr. Holiday's execution.

## I.   Background

On November 18, 2015, Mr. Holiday filed a motion in the 278th District Court asking the court to withdraw the order it previously entered setting Mr. Holiday's execution date for November 18, 2015. The motion was predicated on the existence of at least two constitutional claims that Holiday seeks to raise in a subsequent habeas corpus application, both of which may meet the requirements of Texas Code of Criminal Procedure Article 11.071 § 5. Today, the trial court entered an order withdrawing the order setting the execution date and recalling the warrant of execution.

## II. Legal Principles of Mandamus

A writ of mandamus "operates to undo or nullify an act already performed . . . ." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). To merit relief through a writ of mandamus, an applicant must first show that the act he wishes the higher court to nullify "does not involve a discretionary or judicial decision." *Simon v. Levario*, 306 S.W.3d 318, 320 (Tex. Crim. App. 2009). Second, an applicant must show that he has no adequate remedy at law. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). The ministerial-act requirement is satisfied if the relator can show a clear right to the relief sought because the facts and circumstances dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles. *In re Bonilla*, 424 S.W.3d 528, 533 (Tex. Crim. App. 2014). This Court has discussed the ministerial duty in terms of the respondent's authority or jurisdiction. *In re Medina*, --- S.W.3d ---, 2015 WL 6722175, at *4 ("If a trial judge lacks authority or jurisdiction to take particular action, the judge has a 'ministerial' duty to refrain from taking that action, to reject or overrule requests that he take such action, and to undo the action if he has

already taken it") (quoting 43B GEORGE E. DIX & JOHN M. SCHMOLESKY, TEXAS PRACTICE SERIES: CRIMINAL PRACTICE AND PROCEDURE § 61.29 (3d ed. 2011)).

Mandamus generally will not lie as to an issue of first impression. *State ex rel. Hill v. Court of Appeals for Fifth Dist.*, 34 S.W.3d 924, 928 (Tex. Crim. App. 2001) (a "clear legal right" cannot exist for issue of first impression because the law is necessarily "equivocal or unsettled"). An exception exists, however, where the "principle of law" being applied "has been clearly established." *Medina*, 2015 WL 6722175 at *4 (citing *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013)). Nevertheless, where arguments exist supporting both the relator and the respondent (or real party in interest), it cannot be said that a ministerial duty exists, and mandamus will not lie. *Id.* at 1.

## II. No Clearly Established Law Prohibits the Court from Withdrawing an Order Setting an Execution Date Under the Circumstances Present Here

The State argues that the trial court lacked authority to withdraw its order setting an execution date and recalling the warrant of execution. The only authority offered by the State is an unpublished order from this Court in *In re Roach*, No. WR-41,168-08, 2008 WL

4

2486229 (Tex. Crim. App. June 17, 2008) (not designated for publication). In *Roach*, this Court ruled that a trial judge was without authority under Tex. Code Crim. Proc. art. 43.141(d) to withdraw or modify a death warrant to allow for additional proceedings on a subsequent habeas corpus application where this Court had *already* dismissed the application. *Id. Roach* cannot afford the State a basis for mandamus relief for three reasons.

First, the present case presents circumstances different from *Roach*. The trial court's withdrawal of the execution date in Roach occurred after this Court had already dismissed the defendant's subsequent habeas corpus applications. There was thus no possible way that any "additional proceedings" could occur on such applications. In the present case, the trial judge acted before a subsequent application was filed in view of the need for additional proceedings once it is filed. As the facts are different from *Roach*, Roach does not "dictate but one rational decision under unequivocal, well-settled, and clearly controlling legal principles."

Second, *Roach* is not a published decision. "Unpublished opinions have **no** precedential value and ***must not be cited*** as legal authority by

5

counsel or by a court." Tex. R. App. P. 77.3. Thus, *Roach* cannot be relied upon by the State as "authority" that establishes any legal principle at all. Indeed, there is not any published decision from this Court or any other Texas court interpreting Article 43.141 at all. Whether Article 43.141 not only permits—but also operates to prohibit—a court from withdrawing an order setting an execution date is therefore an issue of first impression, for which mandamus will not lie in the absence of a "clearly established" legal principle operating in the background. The State points to no such clearly established legal principle being applied by the trial court.

Third, and notwithstanding the above, other authority subsequent in time to *Roach* reflects that a trial court is empowered to consider and rule on a motion to withdraw an order setting an executing date that is filed in advance of a subsequent habeas corpus application. *See Ex parte Cannady*, WR-25,462-07, 2010 WL 2006763 (Tex. Crim. App. May 17, 2010) (not designated for publication). In *Cannady*, "prior to filing his subsequent habeas application in the trial court, applicant filed a motion to withdraw the order of the court setting applicant's execution date." *Id.* The trial court denied the motion, opining that it was not

6

authorized to modify or withdraw its previous order until the CCA had determined whether the requirements of Texas Code of Criminal Procedure Article 11.071, § 5 had been met. This Court observed, however, that the withdrawal "motion was authorized under Texas Code of Criminal Procedure article 43.141, and may be ruled upon by the trial court under the dictates of that statute." *Id*. Likewise, in *Ex parte Henderson*, this Court, while remanding a subsequent application, favorably noted that "[the trial court] was sufficiently troubled by the initial scientific evidence presented to him [in the motion to withdraw or modify date] that, on April 4, 2007, he recalled applicant's original death warrant and rescheduled her execution for June 13, 2007, to give her sufficient time to gather additional material for this subsequent writ application." *Ex parte Henderson*, 246 S.W.3d 690, 691-92 (Tex. Crim. App. 2007) (per curiam). Moreover, trial courts across the State have interpreted Article 43.141 to permit them to withdraw orders setting execution dates in precisely such circumstances and for precisely the same reasons as here. *See e.g., State v. Brown*, No. 636535 (351st Judicial Dist. Ct. Oct. 12, 2013) (unpublished) (attached as Exhibit 1) (withdrawing execution date in advance of the filing of a

7

successive habeas application); *State v. Avila*, No. 20000D01242 (41st Judicial Dist. Ct. June 18, 2013) (unpublished) (attached as Exhibit 2) (modifying execution date to allow the applicant to file a successive habeas application); *State v. McCarthy*, No. F97-34795-V (292nd Judicial Dist. Ct. Jan. 29, 2013) (unpublished) (attached as Exhibit 3) (modifying an execution date upon a finding that additional proceedings were necessary on a yet-to-be filed subsequent habeas application and additional time was necessary to prepare the application). Thus, arguments to support the positions of both relator and Mr. Holiday exist and mandamus will not lie.

Finally, Article 43.141 is not the only source of authority for trial court's act complained about by the State. Trial courts have "plenary power" to alter their own orders. *State v. Bates*, 889 S.W.2d 306, 309 (Tex. Crim. App. 1994); *Ex parte Donaldson*, 86 S.W.3d 231, 233-34 (Tex. Crim. App. 2002) (en banc); *State ex rel. Sistrunk*, 142 S.W.3d 497, 500-501 (Tex. App.-Houston [14th Dist.] 2004 (per curiam). In *Bates*, this Court held that former Texas Rules of Appellate Procedure 30, 33, and 36 permitted a trial court "to modify, correct or set aside judgments and orders through motions for new trial, motions to arrest

judgment and motions for judgment nunc pro tunc" and the like. *Bates* at 309; *Donaldson* at 234. In *Awadelkariem v. State*, 974 S.W. 2d 721, 728 (Tex. Crim. App. 1998), this Court held that a judge may "freely rescind" its ruling on a motion for a new trial as long as he acts within the 75-day time limit provided by the Rules of Appellate Procedure.

## CONCLUSION

For the foregoing reasons, leave to file should be denied.

Respectfully submitted,

/s/William F. Carter
WILLIAM F. CARTER
108 E. William J. Bryan
Parkway
Bryan, Texas 77803-5334
Telephone: 979-779-0712
Telecopier: 979-779-9243
Email: wfcarter73@yahoo.com
State Bar No. 03932800

SMITHER, MARTIN,
HENDERSON & BLAZEK, P.C.
1414 11th Street
Huntsville, Texas 77340
(936) 295-2624
(936) 294-9784 [Telecopier]
Email:
frankblazek@smithermartin.com

By: /s/ Frank Blazek
Frank Blazek
State Bar No. 02475500

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th of November, 2015, this pleading was sent by electronic service to counsel listed below:

Ellen Stewart Klein
Assistant Attorney General
Criminal Appeals Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
Ellen.Stewart-Klein@texasattorneygeneral.gov

James W. Volberding
100 E. Ferguson St., Suite 500
Tyler, TX 75702
James@jamesvolberding.com

Seth Kretzer
440 Louisiana Street, Suite 200
Houston, TX 77002
seth@kretzerfirm.com

Gretchen Sims Sween
515 Congress Avenue, Suite 1900
Austin, TX 78701
gsween@beckredden.com

Judge Hal Ridley
278th Judcial District
Madison County
hridley@co.walker.tx.us

By: s/ Frank Blazek
Frank Blazek
State Bar No. 02475500

# Exhibit 1

Cause No. 636535

STATE OF TEXAS § IN THE 351st DISTRICT COURT

V. § OF

ARTHUR BROWN, JR. § HARRIS COUNTY, TEXAS

## ORDER WITHDRAWING EXECUTION DATE

On July 2, 2013, this Court set an execution date of October 29, 2013, for defendant ARTHUR BROWN, JR. At this time, this Court is of the opinion that the execution date now in force should be, in all respects, withdrawn.

IT IS HEREBY **ORDERED** that this Court's previous deathwarrant setting the defendant's execution date for October 29, 2013, be in all things recalled and that the execution date be withdrawn.

IT IS ALSO **ORDERED** that the Harris County District Clerk's Office issue telephonic communications to the Director of Classifications and Records, Texas Department of Criminal Justice, Correctional Institutions Division, immediately upon signing of this order, that the warrant of execution has now been recalled.

Signed this the 12th day of October, 2013.

Presiding Judge
351st District Court
Harris County, Texas

# Exhibit 2

41ST **DISTRICT COURT**

**EL PASO COUNTY, TEXAS**

FILED
NORMA L. FAVELA
DISTRICT CLERK

2013 JUN 18 PM 4: 07

EL PASO COUNTY, TEXAS

BY
DEPUTY

**THE STATE OF TEXAS**

**Cause No. 20000D01342**

v.

**RIGOBERTO AVILA, JR.**

---

## ORDER

On this, the 18th day of June 2013, the Court heard Rigoberto Avila, Jr.'s unopposed Motion to Withdraw or Modify Execution Date and Set Date for Filing Writ of Habeas Corpus. Having reviewed the written motion and exhibits, and having heard the arguments of the parties, the Court is of the opinion that the Motion should be granted. Accordingly, it is hereby ordered:

**IT IS HEREBY ORDERED** that Mr. Avila's execution date, currently scheduled for July 10, 2013, is hereby **WITHDRAWN**, and the warrant of execution is hereby **RECALLED**.

**IT IS FURTHER ORDERED** that Rigoberto Avila, Jr. has until close of business on September 6, 2013 to file an application for writ of habeas corpus pursuant to article 11.073 of the Texas Code of Criminal Procedure.

**IT IS FURTHER ORDERED** that, Rigoberto Avila, Jr., having been adjudged to be guilty of capital murder as charged in the indictment and whose punishment has been assessed by the verdict of the jury and judgment of the Court at Death, this Court sets the date of **January 15, 2014** for execution of the Sentence.

1

The El Paso County District Clerk's Office is hereby ordered to notify Joni White, Assistant Director for Classification and Records, Texas Department of Criminal Justice, Corrections Institutions Division **immediately** by phone (936) 437-6231 and by facsimile (936) 437-6276 upon the signing of this order that the previous Execution Order and Warrant of Execution have now been recalled and that the Clerk of the Court is now ordered to issue a Warrant of Execution setting the petitioner's execution for **January 15, 2014**.

Signed this 18th day of June 2013.

The Honorable Annabell Perez
41st Judicial District Court, El Paso County, Texas

# Exhibit 3

## CAUSE N0. F97-34795-V

| | | |
|---|---|---|
| THE STATE OF TEXAS | § | IN THE 292ND JUDICIAL |
| | § | |
| VS. | § | DISTRICT COURT |
| | § | |
| KIMBERLY LAGAYLE MCCARTHY | § | DALLAS COUNTY, TEXAS |

## ORDER MODIFYING EXECUTION DATE

The Court has reviewed the Defendant's Motion to Stay or Modify Execution Date and finds that additional proceedings are necessary on a subsequent application for writ of habeas corpus and additional time is necessary for Defendant to prepare and file the subsequent writ pursuant to Article 11.071 of the Texas Code of Criminal Procedure.

**IT IS THEREFORE ORDERED** that the Defendant, Kimberly LaGayle McCarthy, who has been adjudged to be guilty of capital murder as charged in the indictment and whose punishment has been assessed by the verdict of the jury and judgment of the Court at Death, shall be kept in custody by the Director of the Texas Department of Criminal Justice, Institutional Division, until the **3rd day of April, 2013**, upon which day, at the Texas Department of Criminal Justice, Institutional Division, at some time after the hour of six o'clock p.m., in a room arranged for the purpose of execution, the said Director, acting by and through the executioner designated by said Director, as provided by law, is hereby commanded, ordered and directed to carry out this sentence of death by intravenous injection

of a substance or substances in a lethal quantity sufficient to cause the death of the said Kimberly LaGayle McCarthy until the said Kimberly LaGayle McCarthy is dead. Such procedure shall be determined and supervised by the said Director of the Texas Department of Criminal Justice, Institutional Division.

The Clerk of this Court shall issue and deliver to the Sheriff of Dallas County, Texas, a Death Warrant in accordance with this Order, directed to the Director of the Texas Department of Criminal Justice, Institutional Division, at Huntsville, Texas, commanding him, the said Director, to put into execution the Judgment of Death against the said Kimberly LaGayle McCarthy. **The previous warrant of execution is hereby recalled.**

The Sheriff of Dallas County, Texas is hereby ordered, upon receipt of said Death Warrant, to deliver said Warrant to the Director of the Department of Criminal Justice, Institutional Division, Huntsville, Texas.

SIGNED this 29th day of January, 2013.

_____
LARRY MITCHELL, JUDGE
292ND JUDICIAL DISTRICT COURT
DALLAS COUNTY, TEXAS

## ORDER MODIFYING EXECUTION DATE

*McCarthy/ose*

*Original*

## GOOD CAUSE CERTIFICATE OF FRANK BLAZEK

Under penalty of perjury, I, FRANK BLAZEK, declare the following to be true:

This Statement is made pursuant to Miscellaneous Rule 11.003, to explain why the motion to withdraw execution date was filed this date.

I represented Rapheal Holiday at trial and on direct appeal. From time to time after his appeal I was contacted by his writ attorneys to provide them information about my representation and about the case.

I was present in the 278th District Court on the day the execution date was set. I visited with Seth Kretzer and Rapheal Holiday. Kretzer informed me that he and his co-counsel would do everything they could to save Mr. Holiday's life but they did not think anything else could be done. Rapheal told me he wanted everything to be done to save his life. He hoped that his attorneys would continue to try.

On or about October 9, 2015, I spoke with an attorney, Richard Ellis, who told me that he was considering representing Raphael Holiday to stop his execution.

On November 12 or 13 of this year I learned about the recent decision of the 5th Circuit Court of Appeals. I learned that an attorney by the name of Gretchen Sween was seeking relief for him but that his Court Appointed Counsel was resisting her efforts. I sent her an email thanking her for her efforts.

I included in my email my thoughts that the expert testimony offered by the expert testimony offered by the State to show future danger would be inadmissible today because of this Court's decision. *Coble v. State*, 330 S.W.3d 253 (Tex. Crim. App. 2010).

On Tuesday, November 17, 2015, I was contacted by Attorney Dick Burr advising me of the possibility that the trial court had authority to withdraw the execution date and that he had been in touch with Rapheal Holiday and it was his wish that such relief be pursued.

I filed the motion the next morning, this the 18th day of November, 2015.

SIGNED on November 18, 2015.

_____
FRANK BLAZEK

# GOOD CAUSE CERTIFICATE OF WILLIAM F. CARTER

Under penalty of perjury, I, WILLIAM F. CARTER, declare the following to be true:

This Statement is made pursuant to Miscellaneous Rule 11.003, to explain why the motion to withdraw execution date was filed this date.

I represented Rapheal Holiday at trial and on direct appeal. I was present in the 278th District Court on the day the execution date was set. I visited with Rapheal Holiday. Rapheal told me he wanted everything to be done to save his life. He hoped that his attorneys would continue to try.

This morning, the 18th day of November, 2015, I learned that Frank Blazek was filing a motion to withdraw the execution date. I requested to join him in that motion. I signed the motion and it was filed this date.

SIGNED on November 18, 2015.

WILLIAM F. CARTER