

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00187-CR

---

Kavonnie Edwards, Appellant

v.

Jeremiah McNezer, Appellee

---

On Appeal from the 34th District Court

El Paso County, Texas

Trial Court No. 20230D05266

---

## MEMORANDUM OPINION

Appellant, Kavonnie Edwards, attempts to appeal from the trial court's March 19, 2026 judgment finding the appellee, Jeremiah McNezer, guilty of criminal mischief. We dismiss the appeal.

On August 31, 2023, a grand jury returned an indictment charging McNezer with the felony offense of criminal mischief, alleged to have been committed against Edwards. Subsequently, on March 19, 2026, McNezer pleaded guilty to the lesser-included class A misdemeanor offense of criminal mischief. The complaining witness, Edwards, filed a notice of appeal on April 23, 2026,

stating that she did "not agree with the decision of this case nor the restitution that was granted." Edwards also stated that she "would like [her] day in court" and was "requesting an appeal to appear in court."

"Standing is a component of subject-matter jurisdiction, *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993), and appellate standing is typically afforded 'only to parties of record,' *Gunn v. Cavanaugh*, 391 S.W.2d 723, 724–25 (Tex. 1965)." *State v. Naylor*, 466 S.W.3d 783, 787 (Tex. 2015); *see In re Marriage of Thrash*, 605 S.W.3d 224, 228–29 (Tex. App.—San Antonio 2020, pet. denied); *Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 181 (Tex. App.—Austin 2016, no pet.). As a result, we lack jurisdiction over, and must dismiss, an appeal filed by an improper party. *Naylor*, 466 S.W.3d at 787; *see Thrash*, 605 S.W.3d at 228–29; *Tex. Quarter Horse Ass'n*, 496 S.W.3d at 182.

Here, the notice of appeal was filed by Edwards, the complaining witness in the case. A complaining witness is not a party to a criminal proceeding; only the State and the defendant are parties to a criminal case. *See* Texas Code Crim. Proc. art. 56A.054 ("A victim, guardian of a victim, or close relative of a deceased victim does not have standing to: (1) participate as a party in a criminal proceeding; or (2) contest the disposition of any charge."); *In re State ex rel. Sistrunk*, 142 S.W.3d 497, 502 (Tex. App.—Houston [14th Dist.] 2004, orig. proceeding) (per curiam) (stating that family members of a deceased victim were not parties to a criminal proceeding and could not challenge the disposition of the defendant's case); Tex. Code Crim. Proc. art. 3.02 (stating that "[a] criminal action is prosecuted in the name of the State of Texas against the accused"); *Cardenas v. State*, No. 13-23-00443-CR, 2024 WL 5199222, at *10 (Tex. App.—Corpus Christi Dec. 19, 2024, no pet.) (mem. op., not designated for publication) (holding that the complaining witness was not a party to the criminal action); *Davis v. State*, 177 S.W.3d 355, 362

2

(Tex. App.—Houston [1st Dist.] 2005, no pet.) (en banc) (same); *see generally* Tex. Code Crim. Proc. §§ 27.01–27.20 (defining the pleadings in criminal actions, which include an indictment on the part of the State and pleadings by the defendant). Edwards, as the complaining witness in this proceeding, lacks standing to participate as a party in the proceeding or to contest the trial court's judgment. *See, e.g.*, Tex. Code Crim. Proc. art. 56A.054.

On May 7, 2026, we issued an order notifying Edwards that it appeared that (1) she lacked standing to pursue an appeal of the trial court's judgment and (2) we lacked jurisdiction over this attempted appeal. Moreover, we ordered Edwards to file a response to our order, by May 18, 2026, showing how she has standing to pursue this appeal and how we have jurisdiction over this appeal. Edwards did not file a response showing that she has standing or that we have jurisdiction.

We dismiss this appeal for want of jurisdiction. We dismiss any pending motions as moot.

MARIA SALAS MENDOZA, Chief Justice

May 28, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

(Do Not Publish)